IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS –
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **NIKOLAI GRUSHEVSKI and others similarly situated,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | **C.A. NO. 09-cv-00002** |
| **TEXAS WINGS, INC., CORPUS CHRISTI WINGS, LTD., TWI XXII, INC., and HOOTERS OF AMERICA, INC.,** | § § § § § § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NIKOLAI GRUSHEVSKI and others similarly situated, Plaintiffs herein, by and through his attorney of record, hereby complaining of the referenced Defendants and for cause of action against them would respectfully show this Honorable Court as follows:

### I.
### PARTIES

1.     Plaintiff Nikolai Grushevski is a male resident of Corpus Christi, Nueces County, Texas. Due to the scope of Defendants' violative conduct, as addressed more fully below, Grushevski intends to act as a class representative of all others similarly situated pursuant to Federal Rule of Civil Procedure 23.

2.     Defendant TEXAS WINGS, INC. is a corporation authorized to do business in the State of Texas, and may be served with process through its registered agent John B. Gessner, 10864 Audelia, Ste. 9464, Dallas, Texas 75238.

3.     Defendant CORPUS CHRISTI WINGS, LTD. is a limited partnership authorized to do business in the State of Texas, and may be served with process through its registered agent TEXAS WINGS, INC., 10864 Audelia, Ste. 9464, Dallas, Texas 75238.

4.     Defendant TWI XXII, Inc. is a corporation, is the general partner of CORPUS CHRISTI WINGS, LTD., is authorized to do business in the State of Texas, and may be served with process through its registered agent TEXAS WINGS, INC., 10864 Audelia, Ste. 9464, Dallas, Texas 75238.

5.     Defendant HOOTERS OF AMERICA, INC. is the franchisor of the Hooters brand restaurants across the United States, including to those Hooters restaurants operating in Texas and those specifically named herein.  It is a Georgia corporation which does business in Texas and it may be served with process through its registered agent A.J. Block, Jr., Mount Paran Road, NW, Atlanta, Georgia 30327.

6.     Unless otherwise referenced, Defendants may be referred to collectively as "HOOTERS."  Plaintiff alleges that Defendants were "joint employers" and are jointly responsible for the violations of Title VII alleged herein.  Further, Defendants TEXAS WINGS, INC., CORPUS CHRISTI WINGS, LTD., and TWI XXII, INC. are a single integrated business enterprise in that they shared offices, management, accounting, banking, ownership, and purpose.  All Defendants bear responsibility for the liability alleged herein.

2

## II.
### JURISDICTION AND VENUE

7.      This Court has jurisdiction in that federal claims have been raised under Title

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), *et seq*.

8.      Venue is proper in the U.S. District Court for the Southern District of Texas,

Corpus Christi Division because Plaintiff resides in Corpus Christi.

9.      All procedural prerequisites to the filing of suit have been met.

## III.
### FACTUAL BACKGROUND

10.     In May 2008, Grushevski applied for a waiters job at the Hooters restaurant

located at 4551 S. Padre Island Dr., Corpus Christi, Texas 78441.  Grushevski was well

qualified to work as a waiter.  Hooters is a restaurant chain which operates in almost 45

states, and in many other countries around the world.

11.     Upon his visit, Grushevski was told by the on-duty manager that Hooters,

locally and nationally, would not hire males for waiter's positions.  Grushevski was denied

a waiter's position because of his gender in violation of Title VII.

12.     Hooters attempts to circumvent the law by referring to its waiters as "Hooters

Girls."  Hooters contends that since its food servers are Hooters Girls, males may not be

employed in that role.  Hooters is incorrect since, in the stores, Hooters Girls' primary

function is to serve food and drinks.  A male or female can perform this job function and,

therefore, Hooters is not entitled to the defense of bona-fide occupational qualification. *See*,

i.e., *Wilson v. Southwest Airlines, Co.*, 517 F. Supp. 292 (N.D. Tex.1981).

3

13.     Grushevski applied to become a food server, not a Hooters Girl. Grushevski is not through this suit attempting to deprive Hooters of its right to employ Hooters Girls. He is only attempting to ensure that males and females have the same opportunity to serve food and earn income therefrom.

14.     Hooters may further claim that some time ago it created "gender neutral" positions for which both males and females could apply. The two positions were bartender and kitchen. It is presumed that Hooters will argue that this somehow insulates them all from liability. Hooters is wrong. Absent a legal excuse, a company is not permitted to choose which positions are suitable for a male or female.

15.     Just as Southwest Airlines attempted nearly three decades ago with stewardesses, the waiter's position addressed herein is being limited to females by an employer "...who merely wishe[s] to exploit female sexuality as a marketing tool to attract customers and insure profitability." *See, Craft v. Metromedia, Inc.*, 766 F.2d 1205, 1215 (8th Cir.1985)(citing *Wilson v. Southwest Airlines*).

16.     So brazen is Hooters that it actually informs male applicants both orally upon application or online via its website that males need not apply for a waiter position. What is so insidious about this is that by preventing males from applying, Hooters attempts to buffer itself against litigation since there would be little or no record of males who wanted to apply for a job but were dissuaded from doing so. Grushevski and many other males have been prevented from obtaining

4

## IV.
### CAUSE OF ACTION/CLASS ACTION

17.     In light of the foregoing factual assertions, Defendants, as employers, joint employers, and single integrated business enterprises, are liable to Plaintiff Grushevski and all similarly situated males for having discriminated against them on the basis of gender in violation of Title VII. Defendants conspired to violate Title VII by coordinating policies and procedures which prevented males from working as waiters at Hooters restaurants.

18.     Grushevski anticipates filing a motion for class certification pursuant to Federal Rule of Civil Procedure 23. The class is expected to consist of all males across the country who applied for the position of waiter at a Hooters restaurant and were denied same.

## VI.
### JURY DEMAND

19.     Plaintiff requests a trial by jury and herein pays the required fees.

## VII.
### DAMAGES AND PRAYER

20.     Plaintiff respectfully prays for all relief to which he is entitled either at law or in equity, including actual or compensatory damages, back pay, front pay, reinstatement (as appropriate), attorney's fees, costs, emotional damages, pre- and post-judgment interest at the maximum legal rate, and punitive damages.

21.     Plaintiff further prays that the Court grant an injunction preventing Hooters from discriminating against male applicants for the waiters position.

Respectfully submitted,

**SHELLIST ✶ LAZARZ LLP**

By: _____

**MARTIN A. SHELLIST**
Texas Bar No. 00786487
Fed. Bar No. 16456

3D/International Tower
1900 West Loop South, Suite 1910
Houston, Texas 77027
Tel: (713) 621-2277
Fax: (713) 621-0993

**ATTORNEYS FOR PLAINTIFF**